IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

RECORD NO.: <u>146939</u>

District Court No.: <u>3:13cv634</u>

---

## PETITION FOR REHEARING EN BANC

PHILIP JAMES OSTRANDER,

Petitioner / Appellant,

v.

DIRECTOR, VIRGINIA DEPT. OF CORRECTIONS

Respondent / Appellee.

---

Philip James Ostrander, #1124822
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Virginia 24430

## STATEMENT OF PURPOSE

The Court's opinion in this case is in conflict with decisions of the U.S. Supreme Court, this Court, and other Courts of Appeal, and the conflicts are not addressed in the opinion.

First, this Court's implicit finding that Ostrander's habeas petition was untimely and, therefore, barred for review, despite that any such untimeliness was caused by repeated erroneous information to Ostrander by the lower court's clerk, is contrary to the Supreme Court and Courts of Appeals' rulings that a *pro se* petitioner's untimeliness in filing a document caused solely by erroneous information by the court clerk about the status of the case, where petitioner diligently pursues his case upon receiving accurate information about the status of his case, entitles a petitioner, such as Ostrander to, at least, an adjudication on the merits of his case.

Secondly, this Court's implicit finding that Ostrander's habeas petition was untimely and, therefore, barred for review despite that Ostrander filed his documents precisely as instructed by the court, is contrary to rulings by the U.S. Supreme Court, this Court, and other Courts of Appeals that an otherwise untimely filing by a *pro se* petitioner who relies upon and adheres to a court's instructions regarding the time for filing papers, should be deemed timely filed.

ii

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

PHILIP J. OSTRANDER,

    Petitioner / Appellant,

v.                                  **RECORD NO.: 146939**
                                            District Court No.: 3:13cv634

DIRECTOR, VIRGINIA DEPT. OF CORRECTIONS,

    Respondent / Appellee

### PETITION FOR REHEARING EN BANC

COMES NOW, your Petitioner, Philip James Ostrander ("Ostrander"), *pro se*, pursuant to 4th Cir. Rule 40(a), Federal Rules of Appellate Procedure, to petition for a rehearing en banc of this Court's judgment, dated January 15, 2014, dismissing his petition for appeal as to his 28 U.S.C. § 2254 habeas corpus petition.[1]

### PRELIMINARY STATEMENT

Ostrander's central contentions underpinning his appeal to this Court are, first, that his pleadings in state (and therefore federal) court were timely filed and that, assuming *arguendo* that his filings were untimely, such untimeliness must be excused because it was the result of the Chesapeake Circuit Court clerk repeatedly deceiving and misinforming Ostrander and his family about the status of his petition.

---

[1] The Court granted Ostrander's motion for an extension of time until February 12, 2015, to file the instant motion for rehearing en banc. He has done so, relying on the mailbox rule. *Houston v. Lack*, 487 U.S. 266 (1988).

Secondly, Ostrander contends that the Chesapeake Circuit Court, upon learning of its clerk's error, issued an Order finding that Ostrander was reasonably diligent in pursuing his case, and instructed Ostrander regarding how and when to file papers to pursue his appeal and Ostrander precisely followed the court's instructions regarding such filings.

Simply stated, the Chesapeake Circuit Court's undisputed failure to send to Ostrander a copy of the final Order in his case, and that court's clerk's repeated misinformation to Ostrander about the status of his case, and Ostrander's extraordinary diligence in pursuing his claims upon receiving correct information from the circuit court, while adhering to that court's specific instructions regarding how and when to file his pleadings, entitle Ostrander to have his meritorious claims adjudicated.

## PROCEDURAL HISTORY[2]

### State Proceedings

1. After a jury trial and a guilty plea, the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court") entered final judgment against Ostrander for one count of attempted murder and one count of solicitation for murder.[3] The Circuit Court sentenced Ostrander to an active term of thirty years of

[2] Unless otherwise noted, all references to Exhibits in the instant petition refer to those exhibits attached to the petition for appeal to this Court.

[3] On May 22, 2006, Ostrander pled guilty to one count of solicitation for murder. Commonwealth v. Ostrander, Nos. CR05-3536 and CR05-3537, at 1 (Va. Cir. Ct. May 22, 2006.) On the same day, Ostrander pled not guilty to attempted murder and the Circuit Court empanelled a jury. See id. On May 23, 2006, a jury found Ostrander guilty of attempted murder. Commonwealth v. Ostrander, Nos. CR05-3536 and CR05-3537, at 1-2 (Va. Cir. Ct. June 14, 2006).

incarceration. On July 30, 2008, the Supreme Court of Virginia refused Ostrander's petition for appeal.

2. On July 30, 2009, Ostrander, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court. On January 4, 2011, the Circuit Court granted counsel's motion to withdraw as counsel of record. On May 24, 2011, the Circuit Court denied Ostrander's habeas petition.

3. On March 4, 2013, the Circuit Court directed Ostrander to file a Motion to Reinstate to the Active Docket and a second notice of appeal. On March 20, 2013, the Circuit Court reinstated Ostrander's case to the active docket to allow Ostrander to file his notice of appeal and to pursue his appeal to the Supreme Court of Virginia. (Exh. — A: Order Va. Cir. Ct. March 20, 2013).

## FEDERAL HABEAS PROCEEDINGS.

4. On September 10, 2013, Ostrander filed his § 2254 Petitioner in the District Court. In his § 2254 petition, Ostrander raised the following claims:

> A. Trial counsel rendered ineffective assistance, in violation of Ostrander's Sixth Amendment rights under the U.S. Constitution, when counsel misadvised Ostrander to reject the Commonwealth's plea offer to "cap" at 20 years Ostrander's sentence in exchange for pleading guilty to both solicitation to commit capital murder and attempted capital murder for hire, where counsel misadvised Ostrander that double jeopardy precluded Ostrander, as a matter of law, from being convicted of both attempted capital murder for hire and solicitation to commit capital murder.
>
> B. The trial court erred in denying Ostrander's motion to dismiss on double jeopardy grounds, as Ostrander's plea of guilty to solicitation to commit murder, a lesser included offense, barred the subsequent prosecution for attempted capital murder.
>
> C. The trial court erred in ruling that venue was proper in the City of Chesapeake.

5

D.  The trial court erred in refusing to grant a mistrial when the Commonwealth presented evidence of Ostrander's prior criminal record.

5.  By Order and Memorandum Opinion of May 23, 2014, the District Court denied Ostrander's petition. (Exh. — B: Dist. Ct. Order & Mem. Op. (5/23/2014)). The District Court did not grant a certificate of appealability to permit Ostrander to appeal. .

6.  Ostrander timely filed his notice of appeal on June 16, 2014, and his petition for appeal on July 8, 2014. By curiam opinion, the court dismissed the petition on January 15, 2015. Ostrander hereby files his petition for rehearing en banc.

## STATEMENT OF FACTS

7.  On August 7, 2006, the trial court sentenced Ostrander to thirty years. Ostrander filed a timely Notice of Appeal in the trial court and a petition for appeal to the Court of Appeals of Virginia. On March 18, 2008, the Court of Appeals affirmed the trial court's convictions and sentences.

8.  On July 30, 2008, the Virginia Supreme Court denied the petition for appeal. On July 30, 2009, Ostrander, by counsel, timely filed his petition for a writ of habeas corpus in the Chesapeake Circuit Court ("Circuit Court").

9.  On September 24, 2010, with the habeas petition pending in the Circuit Court, Hargett withdrew from the case leaving Ostrander to proceed *pro se*. On March 4, 2011, Ostrander, then *pro se*, received respondent's Motion to Dismiss.

6

10.     Several times during the months after having received the motion to dismiss, Ostrander had family members contact the Circuit Court to inquire about the status of his petition. At each inquiry, the family member reported to Ostrander that the court advised the family member that the petition was pending, that Ostrander should be patient, and that the court had no time deadline in which to rule. (Exh. (A) — Lillian Ostrander Affidavit (attached to Petitioner's Response Opposing a Motion to Dismiss, filed in the District Court)).

11.     By letter dated February 7, 2013, Ostrander again inquired of the Circuit Court about the status of the petition. (Exh. — C: Ostrander Letter (2/7/3013)). By correspondence received by Ostrander February 19, 2013, the Circuit Court for the first time sent to Ostrander the court's Order, dated May 24, 2011, dismissing Ostrander's habeas petition. It is undisputed that Ostrander did not receive notice of the final Order between May 24, 2011, (the date the court entered its Order) and February 19, 2013 (the date Ostrander received the court's Order).

12.     On February 22, 2013, Ostrander filed to the Circuit Court his *Notice of Appeal* along with a *Motion to Reopen Time for Filing Appeal*. On March 3, 2013, the Circuit Court returned Ostrander' motion to reopen time for filing appeal (received by Ostrander on March 6, 2013) and *instructed* Ostrander to re-file to the court a *Motion to Reinstate on the Active Docket* and a second *Notice of Appeal*. The court further instructed Ostrander to send to the court a

7

filing fee of $29.00 for the Motion to Reinstate and $20.00 for the Notice of Appeal. On March 11, 2013, Ostrander complied with the court's instructions.

13.  By Order entered March 20, 2013, the Circuit Court found Ostrander "was reasonably diligent in asserting the motion to reinstate on the active docket, and that substantial justice will be promoted by allowing such reinstatement on the active docket," and granted Ostrander's motion to reinstate. (Exh.—(B): Chesapeake Circuit Court Order (3/20/2013)).

14.  On April 5, 2013, Ostrander filed his notice of appeal in the Circuit Court, and, on May 15, 2013, filed his petition for appeal to the Supreme Court of Virginia. By Order entered August 5, 2013, the Supreme Court of Virginia refused the appeal ostensibly because Ostrander had filed an untimely notice of appeal to the state Circuit Court.

## THE COURT CLERK MISINFORMED OSTRANDER

15.  For the reasons presented (supra ¶¶ 10-12) Ostrander reasonably relied upon the Chesapeake Circuit Court Clerk's misinformation that his petition was still pending and that he would be notified when the court ruled.

16.  This Court overlooked, for example, the recent case, *Carter v. Hodge*, 726 F. 3d 917 (7th Cir. 2013). There, the District Court had denied Carter's petition for habeas corpus on February 10, 2011, following the issuance of an opinion by the district judge the previous day. The opinion was not sent or otherwise made available to Carter. After hearing nothing further from the District Court for more than a year, Carter again wrote the clerk and this time was correctly informed by a letter that he received on March 22, 2013, that his petition

8

had been denied two years ago, in February 2011. On April 16, 2013, fewer than 30 days after receiving the information from the District Court clerk, he filed a notice of appeal and a petition for a certificate of appealability. The court determined that equitable tolling was warranted because "after inquiring to the court about his petition, petitioner was incorrectly told that his petition was pending and that he would be informed when the judge ruled on the petition, and, thus, the petitioner had no reason to think that he would have to make periodic inquiries of the clerk's office concerning the status of his case in order to protect his right to appeal." For these reasons, Carter was "saved by equitable tolling -- 'the judge--made doctrine, well established in federal common law, that excuses an untimely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time,' provided that he acted promptly once he finally got the information."

17. The facts here are more compelling than those in *Carter*. Like in *Carter*, the Chesapeake Circuit Court's opinion was not sent or otherwise made available to Ostrander. However, where Carter failed for more than a year to inquire about the status of his case, Ostrander and his family consistently made frequent inquiries to the clerk about the status of his case. Like in Carter, Ostrander was incorrectly told that his petition was pending and that he would be informed when the judge ruled on the petition. However, though Ostrander, too, had no reason to think that he would have to make periodic inquiries of the clerk's office concerning the status of his case in order to protect his right to

9

appeal, he did so anyway. And, Ostrander has established — and the circuit court found — that Ostrander was "reasonably diligent" once he finally got the correct information about the status of his petition. (See, also, *Woodward v. Williams*, 263 F.3d 1135 (10th Cir.2001) (holding that lack of knowledge of state court decision may provide basis for equitable tolling when prisoner acts diligently); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000) (holding that when prisoner diligently seeks information about the status of his case, the limitations period may be equitably tolled until he receives notice of its denial); *Arai vs. American Bryce Ranches Inc.*, 316 F.3d 1066 (C.A. 9 (2003)) (Rule 4(a)(6) was adopted to soften the harsh penalty of losing one's right to an appeal due to the government's malfeasance in failing to notify a party of a judgment, not to limit a party's statutory right to appeal the District Court's final decision on the merits; *Nunley, v. City Of Los Angeles, et al.*, 52 F.3d at 795 ("Rule 4(a)(6) was adopted to reduce the risk that the right to appeal will be lost through a failure to receive notice.");   cf. Fed.R.Civ.P. 77(d) advisory committee note (1991 amendment) (companion amendment to FRAP 4(a)(6)) ("The purpose of the revisions is to permit District Courts to ease strict sanctions now imposed on appellants whose notices of appeal are filed late because of their failure to receive notice of entry of judgment.").

<u>OSTRANDER FILED HIS PLEADINGS AS INSTRUCTED BY THE COURT</u>

18.     For the reasons presented (supra ¶¶ 12-13) Ostrander reasonably relied upon the Chesapeake Circuit Court's instructions and directions about how

10

and when to file both his *Motion to Reinstate on the Active Docket* and a second *Notice of Appeal*. (See, also, (Exh. — F: Court Instructions)).

19.     This Court appears to have overlooked its own rulings in this regard. For example, in *Gibson v. Wright*, 977 F.2d 572 (C.A. 4 VA 1992), the court found that Gibson's appeal was timely due to his reliance on the District Court's Order stating that the appeal period was sixty days when it was actually thirty days. *Gibson* relies heavily on *Harris Truck Lines v. Cherry Meat Packers*, 371 U.S. 215 (1962). In *Harris*, petitioner received from the trial court a 30-day extension on the time for filing his appeal on the ground of "excusable neglect based on a failure of a party to learn of the entry of the judgment." Petitioner then filed his appeal within the period of the extension but beyond the original period. The Court of Appeals, concluding that there had been no 'excusable neglect' within the meaning of Rule 73(a), held that the District Court had erred in granting the extension and dismissed the appeal. The Supreme Court reversed the dismissal and remanded the case to the Court of Appeals so that petitioner's appeal could be heard on its merits.

20.     Similarly, the instant cause fits squarely within the letter and spirit of *Harris*, id. Here, as there, Ostrander did an act which, if properly done, postponed the deadline for the filing of his appeal. Here, as there, the Chesapeake Circuit Court concluded that the act had been properly done. Here, as there, Ostrander relied on the instructions of the Circuit Court and filed the appeal within the assumedly new deadline but beyond the old deadline. Similarly

11

here, as there, the Virginia Supreme Court implicitly concluded that the Circuit Court erred and dismissed the appeal.

21.　　Moreover, in the instant case, the Chesapeake Circuit Court's finding that Ostrander "was reasonably diligent in asserting the motion to reinstate on the active docket, and that substantial justice will be promoted by allowing such reinstatement on the active docket," effectively is a finding of "excusable neglect," and this court should afford such finding great deference. (Exh.—(B): Chesapeake Circuit Court Order (3/20/2013) attached to Petitioner's Response Opposing a Motion to Dismiss, filed in the District Court). Accordingly, in view of these "unique circumstances,'" and Ostrander's reasonable reliance on the circuit court's instructions, Ostrander's notice of appeal to the Chesapeake Circuit Court and, therefore, his subsequent pleadings, must be deemed timely filed.

22.　　This Court's ruling In *U.S. v. Jones*, 297 Fed.Appx. 203 (C.A. 4 VA 2008), is instructive. In *Jones*, the District Court informed Jones that he had sixty days in which to appeal. Jones filed his notice of appeal over 40 days after entry of judgment, despite that in federal criminal cases a defendant must file his notice of appeal within 10 days of judgment. This Court held, however, that an otherwise untimely notice of appeal may invoke the court's jurisdiction in "unique circumstances," and that application of the doctrine is appropriate where an appellant "relied on the statement of the District Court and filed the appeal within the assumedly new deadline but beyond the old deadline." The *Jones* Court explained, "The doctrine applies in this case, because the District Court misled

12

Jones regarding the appropriate time for filing his appeal when the final Order mistakenly informed Jones that he had sixty days in which to file. Accordingly, Jones' notice of appeal is sufficient to invoke the jurisdiction of this court."

23.   Like in *Jones*, the Chesapeake Circuit Court misled Ostrander regarding the appropriate time for filing his appeal when the court directed Ostrander to file a *Motion to Reinstate on the Active Docket* and a second *Notice of Appeal* for the sole purpose to allow Ostrander to pursue his appeal.[4]

24.   This Court must not deny Ostrander his day in court — and ultimately his freedom — because of misdirection to Ostrander by the state circuit court and malfeasance or incompetence by its clerk, both of which have worked to Ostrander's substantial detriment.

## CONCLUSION

WHEREFORE Ostrander, having demonstrated that a panel of this Court erred, or that reasonable jurists would find debatable whether Ostrander has demonstrated "excusable neglect based on a failure of a party to learn of the entry of the judgment," that his state court proceedings were timely, and that Ostrander is otherwise entitled to equitable tolling to have his case adjudicated on the merits, respectfully requests this Court grant his petition for rehearing en banc, and provide any other relief this Court deems appropriate.

Respectfully submitted,

_____
Philip James Ostrander, *pro se*

---

[4] Assuming, arguendo, that the Chesapeake Circuit Court lacked the authority to reinstate Ostrander's case to the active docket to pursue his appeal, the court necessarily misled and misdirected Ostrander when the court instructed him to file both a motion to reinstate and a second notice of appeal.

13

Philip James Ostrander #1124822
Augusta Correctional Center
1821 Estaline Valley Road
Craigsville, Virginia 24430

## CERTIFICATE OF SERVICE

I certify that on February 10th, 2015, I did mail a copy of the foregoing Petition for Rehearing En Banc, first-class postage prepaid, to counsel for respondent herein, Kathleen B. Martin, Senior Assistant Attorney General, 900 East Main Street, Richmond, Virginia 23219.

*[signature]*

Philip J. Ostrander, *pro se*

14